IN THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| SEAN NEWBOLD, LEXIE FRIESEN, and JARED LEAMAN,<br><br>    Plaintiffs,<br><br>v.<br><br>HEALTHEQUITY, INC.,<br><br>    Defendant. | MEMORANDUM DECISION AND ORDER<br><br>Case No. 2:24-cv-103-DAK-JCB<br><br>Hon. Dale A. Kimball<br>Magistrate Jared C. Bennett |

Plaintiffs have several pending motions before the court. After Defendant filed its Answer, Plaintiff filed an Expedited Motion for Leave to File Reply to Defendant's Answer [ECF No. 105] seeking leave to file a Motion for More Definite Statement with respect to Defendant's Answer. Plaintiffs argued in the motion that Defendant's Answer was ambiguous as to whether anyone informed Plaintiff Jared Leaman of his right to take FMLA leave and that Defendant should be required to clarify its Answer because the Answer "is a key piece of evidence." Plaintiffs then filed a Motion for Preliminary Injunction [ECF No. 114]. In response to the court's Order Re: Procedures for Emergency Motion [ECF No. 117], Plaintiffs filed a Motion to Expedite Briefing and/or Hearing on their Motion for Preliminary Injunction [ECF No. 122]. Plaintiffs' Motion for Preliminary Injunction moves the court to issue a preliminary injunction to enjoin Defendant "from taking any further action until it addresses whether anyone from HealthEquity informed Plaintiff Jared Leaman of his rights under FMLA.

Plaintiffs' above motions were filed at the same time that the parties were required to jointly file an Attorney Meeting Report and proposed Scheduling Order. Plaintiffs seek an

extension of time for filing these materials because the parties do not agree on a discovery plan.

Defendant sought a scheduling conference, and Magistrate Judge Bennett held a scheduling

hearing with all parties. Plaintiffs did not agree to scheduling order in the case because of the

pending Motion for Preliminary Injunction.

The court is at a loss as to why Plaintiffs will not agree to a scheduling order that

provides for expedited discovery. Both the Motion for Leave to Reply to Answer and the Motion

for Preliminary Injunction seek an answer to traditional discovery requests. If Plaintiffs would

simply agree to begin the discovery process, Plaintiffs could propound requests for admission

and interrogatories seeking an answer to the question. Plaintiffs' request to have Defendant's

Answer  provide the answer to the question is unnecessary because Plaintiffs can obtain the same

information in simple discovery requests. Plaintiffs' Motion for Preliminary Injunction seeks the

same answer that would traditionally be an answer to a request for admission or interrogatory.

The parties simply need to proceed to conducting discovery.

The court recognizes that Plaintiffs may be attempting novel approaches to traditional

litigation procedures because of Leaman's medical condition, but those novel tactics are actually

slowing down the process. The resulting delay from the barrage of meritless motions is not

serving Plaintiffs' interests in expediting the litigation.

Plaintiffs' Motion for Leave to File Reply to Defendant's Answer does not show any

actual pleading failure. Defendant admitted some specific allegations and generally denied some

allegations. The Answer complies with FRCP 8(b). Moreover, no responsive pleading to the

Answer is allowed because there is no counterclaim. Plaintiffs have not cited to any case

granting a Plaintiff the right to file a motion for more definite statement of an answer with

respect to factual issues. A motion for a more definite statement of an Answer with respect to

factual elements of the Answer is inappropriate. Plaintiffs acknowledge that discovery will

clarify the issues.  Discovery is the proper vehicle for obtaining the information Plaintiffs seek.

The court, therefore, denies Plaintiff's Expedited Motion for Leave to File Reply to Defendant's

Answer and finds Plaintiffs' Motion to Stay Proceedings Until the Court Responds to the Motion

for Leave to Reply to Defendant's Answer [ECF No. 104] moot.

Plaintiffs' requested injunction would enjoin Defendant from taking any action until it

addresses whether anyone at HealthEquity informed Leaman of his FMLA rights. It is more akin

to a motion to compel discovery, but Plaintiffs have refused to enter into a scheduling order so

that discovery may begin.  That request to stay the case pending an answer to one discovery

question oversimplifies the case. Plaintiffs fail to demonstrate a likelihood of success on the

merits of the overall FMLA claim. There are many factors and potential fact scenarios that would

not result in success for Leaman on the claim. Plaintiffs do not address any theory but their own.

Moreover, Plaintiffs cannot show irreparable harm when the alleged violation of his FMLA

rights occurred several years ago.  Even if the court considered Leaman's current medical state in

connection with irreparable harm, which is not actually related to his claim, Leaman has had

cancer for years. As filed, Plaintiffs' Motion for Preliminary Injunction does not meet the

standards required for a preliminary injunction.  The court, therefore, denies Plaintiffs' Motion

for Preliminary Injunction and finds the motion to expedite the briefing of that motion to be

moot.

Based on the above reasoning, Plaintiffs' Expedited Motion for Leave to File Reply to

Defendant's Answer [ECF No. 105] seeking leave to file a Motion for More Definite Statement

with respect to Defendant's Answer is DENIED, Plaintiffs' Motion to Stay Proceedings Until the

Court Responds to the Motion for Leave to Reply to Defendant's Answer [ECF No. 104] is

MOOT, Plaintiffs' Motion for Preliminary Injunction [ECF No. 114] is DENIED, and Plaintiffs'

Motion to Expedite Briefing and/or Hearing on their Motion for Preliminary Injunction [ECF

No. 122] is MOOT.

DATED this 26th day of May 2025.

BY THE COURT:

DALE A. KIMBALL,
United States District Court Judge